# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Esteban Rios Sanchez,<br><br>    Plaintiff(s),<br><br>vs.<br><br>State of Nevada et al.,<br><br>    Defendant(s). | 2:24-cv-00107-RFB-MDC<br><br>**Order** |

Incarcerated plaintiff Esteban Rios Sanchez filed an application to proceed in forma pauperis (ECF No. 1) and a complaint (ECF No. 1-1). The plaintiff's financial certificate from inmate services does not have a signature from an authorized officer, but the Court also notes that plaintiff checked the box on the form that this is a habeas corpus petition. ECF No. 1 at 4. Plaintiff's complaint, however, is marked as a civil rights case. ECF No. 1-1. Plaintiff has also not filed an inmate trust account statement from the last six months. The Court denies plaintiff's IFP application without prejudice, with leave to refile. Plaintiff must also file a notice with the Court indicating whether he wants to pursue a civil rights case or a habeas corpus petition.

**I.    Discussion**

Under the PLRA, a prisoner seeking leave to proceed IFP in a civil case must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any

month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, however, a $5.00 filing fee is required to initiate a habeas action in a federal district court. Plaintiff cannot pursue both types of claims in the same case. See *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Plaintiff may pursue either his § 1983 complaint or his habeas petition in this case but not both. He may file the other action in a separate case.

**IT IS ORDERED** that:

1. Plaintiff Esteban Rios Sanchez's *application to proceed in forma pauperis* (ECF No. 1) is DENIED without prejudice, with leave to refile by Monday, March 4, 2024.
2. Plaintiff shall also file a notice by Monday, March 4, 2024, indicating whether he: (1) wishes to pursue his § 1983 civil rights complaint (ECF No. 1-1) or (2) strike his § 1983 civil rights complaint (ECF No. 1-1) and pursue his habeas petition in this case.
3. If plaintiff decides to pursue the civil rights case, then he shall also file a new financial certificate and (1) check the civil rights box and (2) the financial certificate must be signed by an authorized officer at the prison with a copy of his inmate trust account statement from the

last six months. If plaintiff fails to file a fully complete *application to proceed in forma pauperis* by the deadline, the Court may close this case.

4. If plaintiff fails to comply with this order and timely inform the Court whether he is pursuing his § 1983 civil rights complaint or habeas petition in this case, the Court may recommend dismissing the entire case without prejudice because plaintiff cannot pursue both actions simultaneously in the same case.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 5th day of February 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge